Dear Mayor Andrus:
This office is in receipt of your request for an Opinion from the Attorney General regarding LA. REV. STAT. §§ 33:4792(A)(4), (A)(5), and (D)(2). After requesting an Opinion about the aforementioned portions of LA. REV. STAT. Sect; 33:4792, you expressed Grambling's desire to have the following questions answered: (1) Can the Lincoln Parish 911 Commission refuse to provide the City of Grambling 911 services by one of the approved transfer methods; and (2) Can the Lincoln Parish 911 Commission require the City of Grambling to enter into an Indemnification Hold Harmless Agreement.
I. INITIAL ANALYSIS
LA. REV. STAT. § 33:4792 governs municipal regulation of private "for hire" vehicles which provide passenger transportation services. On the other hand, LA. REV. STAT. § 33:4791 and LA. REV. STAT. § 33:4791.1
govern municipal regulation of private ambulance services. After speaking with you about this discrepancy, we collectively agreed you intended to direct your inquiry towards LA. REV. STAT. § 33:4791 and LA. REV. STAT. § 33:4791.1 instead of LA. REV. STAT. § 33:4792. To that end, this office will focus on LA. REV. STAT. § 33:4791 and LA. REV. STAT. § 33:4791.1.
II. SUPPLEMENTAL BACKGROUND (PROVIDED VERBALLY)
By way of our conversation, you explained how emergency medical transport requests were processed and how ambulance services were provided in Lincoln Parish, Louisiana. Emergency medical calls originating from throughout Lincoln Parish, including ones originating within Grambling's corporate limits, are taken at a call center in Ruston, which is operated by the Lincoln Parish Communication District and manned by the Lincoln Parish Sheriff's Office. These calls are processed and then a Ruston-Lincoln Parish Ambulance Service ambulance is dispatched to the emergency's location. Unfortunately, this procedure can take a considerable amount of time if the call concerned an emergency in Grambling, given the distance between Ruston (where the ambulances were housed) and Grambling.
In an attempt to alleviate this logistical problem, Grambling entered into an exclusive provider contract with Pafford Emergency Medical Services, Inc. to provide ambulance services for emergency transports originating within Grambling's corporate limits. With Pafford providing ambulance services within Grambling's corporate limits, calls to the Lincoln Parish Communication District which originated in Grambling were supposed to be relayed to Pafford in order for Pafford to respond to the call. Unfortunately, this did not always happen and when it didn't, the Ruston-Lincoln Parish Ambulance Service would respond to the call. This ultimately resulted in Pafford leaving Grambling.
But upon your becoming Grambling's Mayor, you were able to bring Pafford back and they are currently Grambling's exclusive provider of ambulance services. However, the potential for the above-described miscommunication still exists and you would like to resolve the situation.
To that end, you would like the Lincoln Parish Communication District to provide a means by which non-cellular E-911 emergency transport calls originating from within Grambling's corporate limits would be routed to a call center which, in turn, would provide the information to Pafford. This would conceivably eliminate the possibility of Pafford's missing calls for emergency transport services originating within Grambling's corporate limits.
In response to your desires, the Lincoln Parish Communication District, the Lincoln Parish Sheriff's Office, and the City of Ruston wish to provide a means by which calls originating from within Grambling's corporate limits would be routed through the Lincoln Parish Communication District's call center to a call center designated by Grambling's Board of Aldermen. That call center would, in turn, provide the information directly to Pafford (whose ambulance is housed at Grambling's fire station).
But in order to do so, the Lincoln Parish Communication District, the Lincoln Parish Sheriff's Office, and the City of Ruston have proposed the various parties enter into an "E-911 Emergency Ring Down Service andIndemnification and Hold Harmless Agreement". The Lincoln Parish Communication District, the Lincoln Parish Sheriff's Office, and the City of Ruston have proposed the Lincoln Parish Communication District will provide a voice only, "ring down" service to a specific telephone number of all non-cellular E-911 emergency transport calls originating from within Grambling's corporate limits. This would conceivably facilitate Pafford's being able to respond to the non-cellular E-911 emergency transport calls originating within Grambling's corporate limits. But in order to provide this "ring down" service, the Lincoln Parish Communication District, the Lincoln Parish Sheriff's Office, and the City of Ruston are attempting to require Grambling to agree to indemnify, hold harmless, and defend them (and their agents, employees, etc.) from any claims, actions, damages, etc. arising out of or in any way relating to the provision of the "ring down" service and/or the emergency ambulance response to and emergency medical services rendered in connection therewith by Pafford or any other such ambulance service provider.
II. YOUR QUESTIONS
A. Can the Lincoln Parish 911 Commission refuse to provide 911 servicesto the City of Grambling by one of the approved methods oftransfer?
You have asked, "Can the Lincoln Parish 911 Commission refuse to provide 911 services to the City of Grambling by one of the approved methods of transfer?" We are of the opinion the Lincoln Parish Communication District can refuse to provide E-911 services to Grambling by means of one of the four approved transfer methods permitted by LA. REV. STAT. § 33:9105(A) so long as at least one of the four approved methods is in fact selected.
LA. REV. STAT. § 33:9105 provides an emergency telephone system shall be designed to have the capability of utilizing at least one of the following four methods in response to emergency calls:
 (1) "Direct dispatch method", that is a telephone service to a centralized dispatch center providing for the dispatch of an appropriate emergency service unit upon receipt of a telephone request for such services and a decision as to the proper action to be taken.
 (2) "Relay method", that is a telephone service whereby pertinent information is noted by the recipient of a telephone request for emergency services, and is relayed to appropriate public safety agencies or other providers of emergency services for dispatch of an emergency service unit.
 (3) "Transfer method", that is a telephone service that receives telephone requests for emergency services and directly transfers such requests to an appropriate public safety agency or other provider of emergency services.
 (4) "Referral method", that is a telephone service that, upon the receipt of a telephone request for emergency services, provides the requesting party with the telephone number of the appropriate public safety agency or other provider of emergency services.[1]
These four methods appear to be the only statutorily-approved methods for responding to emergency calls. And we are of the opinion that so long as the Lincoln Parish Communication District implements an emergency telephone system which has the capability of utilizing at least one of the aforementioned methods, it satisfies the statute.
LA. REV. STAT. § 33:9105(B) then states the governing authority of the district shall select the method which it determines to be the most feasible for the district.[2] So in your case, the Lincoln Parish Communication District, as the district's governing authority, appears to have discretion to choose which of the four approved methods is the most feasible for the district. And to that end, it may refuse to provide E-911 services by as many as three of the four approved methods (meaning so long as it chooses one approved method, it can refuse to provide services by any or all of the other approved methods).
B. Can the Lincoln Parish 911 Commission require an Indemnification andHold Harmless Agreement from the City of Grambling?
You then asked, "Can the Lincoln Parish 911 Commission require an Indemnification and Hold Harmless Agreement from the City of Grambling?" We are of the opinion the Lincoln Parish Communication District cannot require Grambling to enter an Indemnification and Hold Harmless Agreement. The parties are free to contract and cannot be forced by one another to enter into any contractual obligation. But by the same token, the District can refuse to provide Grambling the "ring down" service and simply continue providing emergency transport services to the citizens of Lincoln Parish (including those living in Grambling) through the Ruston-Lincoln Parish Ambulance Service. By this we mean the Lincoln Parish Communication District is under no obligation to provide a "ring down" service to Grambling. And to the extent it is willing to agree to provide such a service, it can seek to require Grambling to contractually obligate itself to indemnify, hold harmless, and defend the District (as provided for in the agreement).
This obligation raises an interesting point. LA. REV. STAT. § 38:2195
generally prohibits public entities, such as Grambling, from assuming liability for damages arising out of injuries or property damage to the contracting parties or to third parties caused by the negligence of anyone other than the public body, its employees, or agents.[3] To do so is considered to be contrary to the public policy of the state of Louisiana and any such provision is null and void in any public contract issued on or after October 1, 1988.[4] But the provisions of LA. REV. STAT. § 38:2195(A) are inapplicable with respect to intrastate intergovernmental contracts.[5] We interpret LA. REV. STAT. §38:2195(B) to mean that so long as a contract only involves Louisiana governmental entities, the entities can obligate themselves to indemnify, hold harmless, and defend the other contracting governmental entities.
How does that interpretation apply to your situation? The E-911Emergency Ring Down Service and Indemnification and Hold HarmlessAgreement, as written, only contractually obligates the following parties: the Lincoln Parish Communication District, the Lincoln Parish Sheriff's Office, the City of Ruston, and the City of Grambling. Each of the parties is a political subdivision of the state of Louisiana. And to that end, we are of the opinion that they can indemnify, hold harmless, and defend one another. So initially, the District's desire to contractually obligate Grambling to indemnify, hold harmless, and defend it, the Lincoln Parish Sheriff's Office, and the City of Ruston appears to be statutorily permissible.
But a reading of the contract adds what we consider to be an impermissible wrinkle. Not only is Grambling expected to indemnify, hold harmless, and defend the District, the Lincoln Parish Sheriff's Office, and the City of Ruston, it is expected to "indemnify, hold harmless and defend. . .the emergency ambulance response to and emergency medical services rendered in connection therewith by Pafford Emergency Medical Services, Inc. or such other ambulance service provider designated by GRAMBLING." We are of the opinion any such attempt to force Grambling to indemnify, hold harmless, and defend Pafford, a non-governmental entity, would violate LA. REV. STAT. § 38:2195(A) and should be stricken from any agreement between the aforementioned public entities.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 DAVID A. YOUNG Assistant Attorney General
CCF, JR:DAY:jv
[1] LA. REV. STAT. § 33:9105(A).
[2] See LA. REV. STAT. § 33:9105(B).
[3] See LA. REV. STAT. § 38:2195(A).
[4] Id.
[5] See LA. REV. STAT. § 38:2195(B).